UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SERAFIN COLON,

                    Plaintiff,

          -against-                                          18-CV-10058 (CM)

CYRUS R. VANCE, JR.; THE CITY OF NEW                         ORDER OF DISMISSAL
YORK; THE MANHATTAN DISTRICT
ATTORNEY'S OFFICE,

                    Defendants.

COLLEEN McMAHON, Chief United States District Judge:

          Plaintiff, currently incarcerated in the Green Haven Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983 asserting that the defendants have violated his federal constitutional rights. He seeks money damages. By order dated June 13, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons discussed below, the Court dismisses this action.

                              **STANDARD OF REVIEW**

          The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims]

----

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff names as defendants (1) the New York County District Attorney, Cyrus R. Vance, Jr., (2) the "Manhattan District Attorney's Office," and (3) the City of New York. He asserts claims arising from Vance's prosecution of him in the New York Supreme Court, New York County, as carried out by New York County Assistant District Attorneys. He also asserts claims arising from the alleged actions of the trial court and of the court-appointed attorneys that represented him in the trial court and, following his conviction, the alleged actions of the New York Supreme Court, Appellate Division, First Department – in which his criminal appeal is pending – and those of the court-appointed attorneys that have represented him during his pending criminal appeal.

## DISCUSSION

### A.  Manhattan District Attorney's Office

The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983 against the Manhattan District Attorney's Office under the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state."

2

*Gollomp*, 568 F.3d at 366 (internal quotation marks and citation omitted). Courts have held that an office of a District Attorney in New York State is afforded Eleventh Amendment immunity with regard to its decisions to prosecute. *See, e.g., Baskerville v. Richmond Cnty. Family Court*, No. 19-CV-0602, 2019 WL 2162595, at *2 (E.D.N.Y. May 16, 2019); *Willis v. Rochester Police Dep't*, No. 15-CV-6284, 2018 WL 4637378, *11 (W.D.N.Y. Sept. 27, 2018); *Bonilla v. Connerton*, No. 3: 15-CV-1276, 2016 WL 2765287, at *4 (N.D.N.Y. Apr. 14, 2016), *report & recommendation adopted*, 2016 WL 27660373 (N.D.N.Y. May 12, 2016); *White v. Vance*, No. 10-CV-6142 (NRB), 2011 WL 2565476, at *4 (S.D.N.Y. June 21, 2011). Courts have also held that such an office is a nonsuable entity. *See, e.g., Bryan v. New York*, No. 14-CV-8305 (NSR), 2015 WL 4272054, at *3 (S.D.N.Y. July 13, 2015); *White*, 2011 WL 2565476, at *4.

Congress has not abrogated the States' immunity for claims under § 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). And the State of New York has not waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff sues the Manhattan District Attorney's Office (the Office of the District Attorney of New York County) because of its decision to prosecute him. The Court therefore dismisses Plaintiff's § 1983 claims against the Manhattan District Attorney's Office as frivolous under the doctrine of Eleventh Amendment immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).[2]

---

[2] While Plaintiff seeks only money damages, the Court can understand Plaintiff's complaint as also asking this Court to intervene in Plaintiff's pending criminal appeal. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that "a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment or irreparable injury that is both serious and immediate."

**B.    Cyrus R. Vance, Jr.**

The Court must also dismiss Plaintiff's claims under 42 U.S.C. § 1983 against the New

York County District Attorney, Cyrus R. Vance, Jr., himself, in his individual capacity.

Prosecutors are immune from civil suits for damages in their individual capacities for acts

committed within the scope of their official duties where the challenged activities are not

investigative in nature but, rather, are "intimately associated with the judicial phase of the

criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v.*

*Pachtman*, 424 U.S. 409, 430 (1976)) (internal quotation marks omitted); *see also Buckley v.*

*Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional

approach" that "looks to the nature of the function performed, not the identity of the actor who

performed it") (internal quotation marks and citation omitted). In addition, prosecutors are

absolutely immune from suit for acts that may be administrative obligations but are "directly

connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Plaintiff's § 1983 claims against Vance arise from his prosecution of Plaintiff in the New

York Supreme Court, New York County, and in the New York Supreme Court, Appellate

Division, First Department. The Court therefore dismisses Plaintiff's § 1983 claims for damages

against Vance in his individual capacity under the doctrine of prosecutorial immunity and

---

*Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973); *see also Sprint Commc'n, Inc. v. Jacobs*, 571
U.S. 69, 72-73 (2013) (*Younger* abstention is appropriate in only three categories of state-court
proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to
criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing
the orders and judgments of its courts."). Plaintiff does not assert any facts suggesting bad faith,
harassment, or irreparable injury that both serious and immediate. Furthermore, the State of New
York has an important interest in enforcing its criminal laws, and Plaintiff fails to show that he
does not have an adequate opportunity to raise his constitutional challenges in the state courts.
Accordingly, to the extent that Plaintiff seeks this Court's intervention in his ongoing criminal
appeal, the *Younger* abstention doctrine precludes that relief.

because these claims are frivolous. *See* § 1915(e)(2)(B)(i), (iii); *Collazo v. Pagano*, 656 F.3d

131, 134 (2d Cir. 2011) (claims dismissed for prosecutorial immunity are frivolous under the *in

forma pauperis* statute); *Montero*, 171 F.3d at 760.[3]

**C.     City of New York**

When a litigant sues a municipality under 42 U.S.C. § 1983, it is not enough for the

litigant to allege that one of the municipality's employees or agents engaged in some

wrongdoing. The litigant must show that the municipality itself caused the violation of the

litigant's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other

local government may be liable under this section [1983] if the governmental body itself

'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such

deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692

(1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a

§ 1983 claim against a municipality, the litigant must allege facts showing (1) the existence of a

municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the

---

[3] Plaintiff does not name as a defendant any of the attorneys that have represented him
during his criminal proceedings. But he devotes a significant portion of his complaint to
asserting that those attorneys have violated his federal constitutional rights while representing
him. A claim for relief under § 1983 must allege facts showing that each defendant acted under
the color of a state "statute, ordinance, regulation, custom or usage." § 1983. Private parties are
therefore not generally liable under § 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir.
2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295
(2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he
United States Constitution regulates only the Government, not private parties . . . .") (internal
quotation marks and citation omitted). Absent special circumstances suggesting concerted action
between an attorney and a state representative, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144,
152 (1970), an attorney's legal representation of an individual does not constitute the degree of
state involvement necessary for a claim under § 1983, regardless of whether that attorney is
privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*,
386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318-19 (1981));
*Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997). Thus, the Court dismisses any § 1983
claims that Plaintiff asserts against any of his criminal defense attorneys. *See* § 1915(e)(2)(B)(ii).

violation of the litigant's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted). Plaintiff fails to allege any facts showing that a policy, custom, or practice of the City of New York violated his constitutional rights. The Court therefore dismisses Plaintiff's § 1983 claims against the City of New York for failure to state a claim on which relief may be granted.[4] *See* § 1915(e)(2)(B)(ii).

**D.      Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**CONCLUSION**

The Court directs the Clerk of Court to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court dismisses this action as frivolous, for failure to state a claim on which relief may be granted, and for seeking monetary relief from defendants that are immune to such relief. 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii).

---

[4] Plaintiff alleges that all of the defendants named in this action "have a long[-]standing practice of attempting to evade detection and/or reprimand during instances in [which] they have committed crimes against the public." (ECF No. 2, at 29.) To the extent that Plaintiff asserts § 1983 claims against the City of New York arising from that alleged practice, he has failed to allege any facts showing that that practice violated his federal constitutional rights. Moreover, Plaintiff, as a private citizen, cannot seek in federal court the criminal prosecution of any of the defendants. *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (prisoners lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:    July 3, 2019
            New York, New York

 

                                            COLLEEN McMAHON
                                 Chief United States District Judge